

**NUMBER 13-12-00217-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**DAVID GONZALEZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 105th District Court
of Nueces County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Chief Justice Valdez[1]**

Appellant, David Gonzalez, entered an open plea of guilty to the offense of burglary of a habitation with intent to commit a felony, a first degree felony. *See* TEX. PENAL CODE ANN. § 30.02 (West 2011). The trial court sentenced Gonzalez to fifteen

---

[1] The Honorable Rose Vela, former Justice of this Court, did not participate in deciding the case because her term of office expired on December 31, 2012. "In accordance with the appellate rules, she was replaced on panel by Justice Nora L. Longoria". *See* TEX. R. APP. P. 41.1(a).

years' incarceration.  The trial court certified Gonzalez's right to appeal, and this appeal followed.  We affirm.

## I.  *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Gonzalez's appellate counsel has filed a brief with this Court stating that after diligently reviewing the record, he has determined that there are no arguable grounds of error upon which an appeal can be predicated and that Gonzalez's appeal is without merit.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).  Counsel has informed this Court that he has:  (1) examined the record and found no arguable grounds to advance on appeal; (2) served copies of the brief and counsel's motion to withdraw on Gonzalez; and (3) informed Gonzalez of his right to review the record and to file a pro se response.[2]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3.  More than an adequate time has passed, and no pro se response has been filed.  *See In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record, and we have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III.   MOTION TO WITHDRAW

In accordance with *Anders*, Gonzalez's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Gonzalez and advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
24th day of January, 2013.

---

[3] No substitute counsel will be appointed. Should Gonzalez wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that is overruled by this Court. *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.